

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~XXXXXXXXX
ATTORNEY GENERAL

Honorable Ottis E. Lock, Chairman
Committee on Education
House of Representatives
Forty ninth Legislature
Austin, Texas

Dear Sir:

Opinion No. O-6533
Re: Is the limit of the power of tax-
ation of the school districts,
as provided in the statute stated
herein, valid in view of the
language of the Constitution also
referred to? And a related ques-
tion.

We are in receipt of your letter of recent date
reading as follows:

"A number of bills have been introduced in
this session of the Legislature proposing to in-
crease the maximum tax rate that may be levied for
the local support of public free schools in Texas.
A number of measures are now on the statutes making
exceptions to the statute fixing the limit.

"Your attention is called to Article 2784, in
which the following language is found:

"'The amount of maintanance tax, together
with the amount of bond tax of any district,
shall never exceed one dollar on the one
hundred dollars valuation of taxable property;
and if the rate of bond tax, together with the
rate of maintenance tax voted in the district
shall at any time exceed one dollar on the one
hundred dollars valuation, such bond tax shall
operate to reduce the maintenance tax to the
difference between the rate of the bond tax
and one dollar.'

"Your attention is further directed to Section
3, Article 7, of the Constitution of Texas in which
this language is found:

"'***** and the Legislature may authorize
an additional ad valorem tax to be levied
and collected within all school districts
heretofore formed or hereafter formed, for
the further maintenance of public free
schools, and for the erection and equipment
of school buildings therein; provided that
a majority of the qualified property tax-
paying voters of the district voting at an
election to be held for that purpose, shall
vote such tax not to exceed in any one year
one dollar ($1.00) on the one hundred dollars
valuation of the property subject to taxation
in such district, but the limitation upon the
amount of school district tax herein author-
ized shall not apply to incorporated cities
or towns constituting separate and independent
school districts, nor to independent or com-
mon school districts created by general or
special law.'

"You will observe the specific exception for
the various types of schools on the one dollar limita-
tion in said Article of the Constitution. We, there-
fore, would like to have a specific answer to the
following questions:

"1.  Is the limit of the power of taxa-
tion of the school districts, as provided
in the statute above referred to, valid
in view of the language of the Constitution
also above referred to?

"2.  If the answer is 'no,' then do the
statutes enable school districts to collect
such tax as the voters in said districts
may have authorized, or may hereafter au-
thorize, without regard to the one dollar
limitation of the statutes?"

"The people in framing the Constitution, "says
Denio, Ch. J. committed to the legislature the whole
law-making power of the State, which they did not ex-
pressly or impliedly withhold. Plenary power in the
legislature, for all purposes of civil government, is
the rule. A prohibition to exercise a particular power
is an exception. In inquiring, therefore, whether a
given statute is constitutional, it is for those who
question its validity to show that it is forbidden."
Cooley's Constitutional Limitations, Vol. 1, pages
176-77.

"The test of legislative power is constitutional restriction. What the people have not said in the organic law their representatives shall not do, they may do." 60 Atl. 169; 105 Am. St. Rep. 825.

"But it is as true of the political divisions of the State as it is of the State at large, that legislative authority must be shown for every levy of taxes. The power to levy taxes by these divisions comes from the State. The State confers it, and at the same time exercises a parental supervision by circumscribing it. * * *" Cooley's Constitutional Limitations, Vol. 2, pages 1099-1100.

"When, however, it is said to be essential to valid taxation that there be legislative authority for every tax that is laid, it is not meant that the legislative department of the State must have passed upon the necessity and propriety of every particular tax; but those who assume to seize the property of the citizen for the satisfaction of the tax must be able to show that that particular tax is authorized either by general or special law. The power inherent in government to tax lies dormant until a constitutional law has been passed calling it into action, and is then vitalized only to the extent provided by law. Those, therefore, who act under such a law should be careful to keep within its limits, lest they remove from their acts the shield of its protection. * * *" Cooley's Constitutional Limitations, Vol. 2, page 1100-1102.

The Constitution not only has not prohibited the Legislature from passing any law authorizing school districts to levy taxes, but in the very section referred to in your letter, we find the following express authority:

"And the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and for the erection and equipment of school buildings therein;"

and further provides that such tax must be further authorized by a vote of the property taxpayers of the district, and fixes a limit of $1.00 on the $100 valuation of taxable property, which limitation as to rate does not apply to any school district, since the limitation as to rate was removed by a proviso to that effect. Removing the limitation as to

rate does not affect the authority of the Legislature to provide for a tax at any rate it deems advisable.

From the above authorities, you will see that no tax is valid which is not authorized by law. The Constitution does not limit the rate nor does it prohibit the Legislature from fixing the rate. Therefore, the Legislature, by general law, may authorize a school tax at such rate as it deems advisable. It is our opinion that Article 2784 is valid.

In view of our answer to your first question, it becomes unnecessary to answer your second.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/C. F. Gibson
C. F. Gibson
Assistant

CFG:EP:wc

APPROVED APRIL 23, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman